IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEWEY B. POWELL, | : | CIVIL ACTION NO. **1:CV-06-1868** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PAUL SCHULTZ, WARDEN, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background**.

Petitioner, Dewy B. Powell, an inmate at the Federal Correctional Institution at Fairton, Fairton, New Jersey ("FCI-Fairton"), filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 22, 2006. (Doc. 1).[1] Petitioner challenges his October 6, 2005 sentence in the Carbon County Court of Common Pleas where he plead *nolo contendere* to Simple Assault and Harassment. (Doc. 1, p. 1). Petitioner raises the following eight grounds: (1) "denial by the Court of Common Pleas, Carbon County or motion for dismissal pursuant to PA.R.Crim.P. 600 statue (sic) of limitation"; (2) "Second Motion to Dismiss as per a statute (sic) of limitation pursuant to PA.R.Crim.P. 600"; (3) "That the newly found evidence of documentation rebuts the Court of Common Pleas witness, prosecution and his honor for denial to dismiss charges on a statue (sic) of limitation"; (4) "That address on newly recognized

---

[1] Petitioner correctly indicates that his Habeas Petition is filed pursuant to 28 U.S.C. § 2254, although he is a convicted inmate currently confined in a federal prison, since he challenging his Carbon County, Pennsylvania, conviction. *See De Vaughn v. Dodrill*, Appeal No. 03-4162, (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential) ("A prisoner challenging either the validity or execution of his state court sentence must rely on ... § 2254... .")(emphasis omitted). Thus, since Petitioner Powell is challenging the validity of his Carbon County conviction, he properly relies upon § 2254.

This Court has jurisdiction over the instant habeas petition since it challenges the validity of Petitioner's Carbon County, Pennsylvania, conviction.

documentation found and filed as exhibit 3 & 4 in notice of appeal to Court of Common Pleas 7/25/06 was not of merit (sic)"; (5) "The denial by the Court of Common Pleas Carbon County Pennsylvania, on request for new evidentiary hearing in Notice of Appeal "; (6) "The Court of Common Pleas indication of procedural default as per timely filing in Carbon County, PA."; (7) "That judgment by the court on 8/1/06 on Notice of Appeal also indicates petitioner has waived this right by his nolo contedere (sic) plea"; and (8) "That this statue (sic) of limitation as per PA.R.Crim.P. 600, co-extensively with the 6th Amend. to the Constitution of the United States of America is a guarantee to fair & speedy Trial Act of the state of PA. and the Constitution of the United States of America." (Doc. 1, pp. 6-18).

Attached to the Petition are exhibits. Petitioner filed a motion to proceed *in forma pauperis*, as well as a so-called Application for Leave to file Original Process, which he captions as being in the Pennsylvania Supreme Court. Attached to these Motions is a copy of Petitioner's docket sheet from his direct appeal with the Pennsylvania Superior Court (Case No. 2152 EDA 2006) dated August 14, 2006. (Docs. 2 & 3). On September 29, 2006, we recommended that the Habeas Petition be dismissed without prejudice to re-file after Petitioner exhausted his state court remedies, as the Petitioner's direct appeal to the Superior Court of Pennsylvania was still pending at that time. (Doc. 5). On November 28, 2006, the District Court, upon consideration of this Court's Report and Recommendation (Doc. 5) and Petitioner's response (Doc. 8) indicating that the issue of exhaustion had been resolved by an Order of the Pennsylvania Superior Court, issued an Order remanding this case to the undersigned for further proceedings. (Doc. 9).The Superior Court quashed the Petitioner's direct appeal as untimely filed on July 31, 2006, from the

judgment of sentence imposed on October 6, 2005. (Doc. 8, Attached October 13, 2006 Order of the Superior Court of Pennsylvania).

The Petitioner submitted a Motion "ro resume present habeas petition" on November 7, 2006. (Doc. 8). On December 4, 2006, the Petitioner was ordered to file a Notice of Election within 45 days. (Doc. 10). Also on December 4, 2006, this Court granted the Petitioner's Motion to Proceed *in forma pauperis*, and also directed the Clerk of Court to serve a copy of the Habeas Petition on the Respondents. (Doc. 11). The Petitioner filed his Notice of Election on December 19, 2006. (Doc. 17). The Petitioner elected to have the Court rule on his petition as filed and acknowledging that he may be forever barred from presenting in any federal court any claim that is not presented in this petition. (*Id.*). The Petitioner also acknowledged that he may lose his ability to file a successive Petition absent certification by the Court of Appeals. (*Id.*) on March 20, 2007, after two extensions of time, the Respondent DA of Carbon County filed a response, with attached exhibits, to the Petition for Habeas Corpus. (Doc. 20). The Petitioner submitted a Traverse supporting his Habeas Petition on April 3, 2007. (Doc. 21).

## II. State Procedural History.

We take the following state court procedural background of Petitioner's case from his habeas petition and his attached typed Statement of Issues. Petitioner was indicted on March 28, 2003 and arrested on January 12, 2004, on the charge of simple assault, a misdemeanor of the second degree, in violation of 18 Pa. C.S.A. § 2701. (Doc. 1, attached Statement of Issues, marked p. 4). Petitioner's case was docket # 136 CR 04 in Carbon County Court of Common Pleas ("CCP"). Petitioner filed a Motion to Dismiss the charge against him on June 10, 2004 in

the CCP, claiming that the state one-year statute of limitations ("SOL") had expired under Pa.R.Crim.P. 600.  Petitioner states that his motion to dismiss was denied on June 10, 2004. Petitioner states that he filed another Rule 600 Motion to Dismiss the indictment with the CCP on October 4, 2005. (Doc. 1, marked p. 4, and attached Statement of Issues, marked p. 2 & p. 4).  Again, his motion was denied.  Petitioner then plead *nolo contendere* to the stated simple assault charge on October 4, 2005.  Petitioner was sentenced by the CCP on October 6, 2005 to a minimum of one year less one day to a maximum of two years less one day imprisonment. (Doc. 1, marked p. 2 , actual p. 1).  Petitioner appealed his judgment of conviction to the CCP, and his appeal was denied on August 1, 2006. (Doc. 1, marked p. 3).

On July 31, 2006, Petitioner filed a Notice of Appeal of the October 4, 2005 Order of the CCP denying his Rule 600 Motion to Dismiss with the Pennsylvania Superior Court, Doc. # 2152 EDA 2006.  (Doc. 1, attached docket sheet of Pennsylvania Superior Court).  Petitioner's appeal documents were received by the Pennsylvania Superior Court on August 14, 2006.  According to the Scheduled Event section on the Superior Court's docket sheet, Petitioner's original record was due to be filed with the appellate court on September 25, 2006.  The Superior Court quashed the Petitioner's direct appeal as untimely filed on July 31, 2006, from the judgment of sentence imposed on October 6, 2005.  (Doc. 8, Attached October 13, 2006 Order of the Superior Court of Pennsylvania).

On September 22, 2006, the Petitioner filed the present Petition for Writ of Habeas Corpus.  (Doc. 1).  The current Habeas Petition was timely filed under the AEDPA statute of limitations.  (*Id.*).

## III. Standard of Review.

The Antiterrorism and Effective Death Penalty Act, enacted on April 24, 1996, revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) *citing* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, Sec. 104, 110 Stat. 1214 (1996) ("AEDPA").  Section 2254(d), as amended, states as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

The "contrary to" provision contained in Section (d)(1) is evaluated as follows:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition.  Accordingly, we adopt O'Brien's holding that 'to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.'  In other words, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome.

*Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) referencing *O'Brien v.*

*Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998).

In *Breighner v. Chesney,* this Court stated the appropriate standard for the "unreasonable application" clause.  301 F. Supp. 2d 354, 357 (M.D. Pa. 2004), *aff'd.*, 156 Fed. Appx. 539 (3d Cir. 2005)(Non-Precedential).  In *Breighner,* the District Court held that under § 2254, a federal court no longer must "accord the 'presumption of correctness' to factual findings of a state court when the state court has previously considered and rejected the Petitioner's claims for relief." The *Breighner* Court held that the "presumption of correctness does not apply in such cases," *i.e.* when federal court reviews a habeas claim that the state court unseasonably applied federal law. *Breighner*, 301 F. Supp. 2d at 357.  The *Breighner* Court further held that 28 U.S.C. § 2254 "subsections (d)(2) and (e)(1) simply cannot apply to the same case; they are mutually exclusive." *Id.* at 365.  The Court interpreted subsection (e)(1) to be inapplicable to proceedings under subsection (d)(2), and that subsection (e)(1) does not apply to claims under subsection (d)(2). *Id.* at 367-368.

The *Breighner* Court stated that:

> The federal habeas court's analysis under this subsection [(d)(2)]
> is limited to the record available to the state trial court--and
> reproduced in federal proceedings by the petitioner or "the State"--and
> encompasses two questions: (1) whether a factual determination of the
> state court was "unreasonable" in light of the state record, and
> (2) whether the state court's decision was "based" on that unreasonable
> determination. *See*  28 U.S.C. § 2254(d)(2), (f).  *Id.* at 368.

The *Breighner* Court also stated that "a factual determination should be adjudged 'unreasonable' under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record."(citations omitted).  *Id.* at 368-369.  The

Court also stated that '[m]ere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination." (Citations omitted). *Id*.

In *Early v. Packer*, 537 U.S. 2 (2002), the Supreme Court indicated that as long as the state court adjudicates a claim substantively rather than procedurally, even if the federal law is not identified as the rule of the decision, it has adjudicated the claim on the merits for purposes of the AEDPA.

**IV.  Discussion.**

In the instant matter, we find that the Petitioner's Habeas Petition is moot because the Petitioner's challenged 2005 Carbon County sentence has been fully served as of September of 2006 and he is now in federal custody serving a federal sentence.

The Third Circuit Court of Appeals in *Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982). This general principle derives from the case or controversy requirement of Article II of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.,* 494 U .S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

> redressed by a favorable judicial decision." *Id*. at 477; *see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that habeas petitioner does not remain "in custody" after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); *United States v. Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction.

The *Defoy* Court also noted that there is a narrow exception to the general mootness rule, namely the collateral consequences doctrine. The Court explained:

> The doctrine of collateral consequences applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *Chong v. Dist. Dir., INS,* 264 F.3d 378, 384 (3d Cir. 2001). It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). Requiring DeFoy to admit his guilt after having consistently denied it may have the collateral consequences of his being indicted for perjury. Therefore, even if DeFoy had already been released from prison, the collateral consequences doctrine would prevent the issue from being moot.

*Id*. at 442, n. 3.

Respondent states that Petitioner is no longer in custody with respect to his October 2005 conviction, which is being challenged in the instant Habeas Petition. (Doc. 20, p. 2). In his "Response to Prosecutions Petition," the Petitioner states, "Mr. Matika Esq. A.D.A., admits that the Habeas Petition is Timely filed, and that my sentence has ended as of September 13, 2006." (Doc. 21, p. 3). We note that the Petitioner's Response was mailed from FCI-Fairton, a federal

prison. (Doc. 21). The Petitioner thus concedes that his October 2005 challenged Carbon County sentence was fully served as of September 2006.

This Court in *Coss v. Morgan,* Civil No. 01-0878, M.D. Pa., recognized that since Petitioner Coss was no longer in custody or serving any sentence with respect to his challenged conviction, and since Petitioner had completed service of his sentence for his challenged conviction in its entirety, the habeas petition was moot.

Recently, however, this Court in *Smith v. Sobina*, 2005 WL 1154391, * 1 stated as follows:

> Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court." *See also Carfas v. LaVallee*, 391 U.S. (1968) (a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence. The Court held that § 2254(a)'s 'in custody' requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve. *See id.* at 493. Consequently, the Court concluded that the habeas petition could be properly construed as a challenge to the subsequent sentence.
>
> More recently, in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the Supreme Court established that a prior sentence used to enhance a federal sentence is no longer open to collateral attack via a motion under 28 U.S.C. § 2255. In reaching that determination, the Court stressed the need for finality of convictions and ease of administration.
>
> In a subsequent ruling, *Lackawanna County v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court addressed Coss' challenge to his 1986 state conviction which he was no longer serving. Specifically, Coss claimed that his 1986

> conviction resulted from ineffective assistance of counsel. Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions and ease of administration, held that Coss did not qualify to have his § 2254 petition reviewed because the expired prior conviction did not actually increase the length of his current sentence.
>
> In *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the United States Supreme Court held that a prisoner who had been placed on parole was still in custody under his unexpired sentence. The Court noted that in custody was satisfied because being under the custody and control of the parole board involved significant restraints on the petitioner's liberty. *Id.* at 242. Pennsylvania courts have similarly held that "[a] grant of parole does not eliminate a prisoner's sentence, but instead, the prisoner continues to serve his sentence during which time he or she is the subject of society's rehabilitation efforts under supervision." *Weaver v. Pa. Bd. of Prob. & Parole,* 688 A.2d 766 (Pa. Cmwlth. 1997).

In the *Smith* case, this Court found that Petitioner Smith, unlike Petitioner Coss, was released on parole, and had not yet had his [Petitioner Smith's] sentence fully expire. Thus, this Court found that Petitioner Smith still satisfied the in custody requirement. *Id.*, *2. It is clear that Petitioner Powell's sentence for his October 2005 conviction has fully expired. On September 7, 2006, the CCP, in a Memorandum Opinion, stated that, "Defendant's appeal which is now before the Superior Court was filed almost ten months after this final judgment of sentence and will, as appears from the record, have been fully served in less than ten days." (Doc. 20, Ex. 4, p. 2). The CCP stated that the Defendant was "sentenced to a county term of imprisonment for a period of not less than one year less one day nor more than two years less one day from the date of October 4, 2005, with credit for 385 days previously served." (*Id.*). As stated, in his Traverse, the Petitioner admits that his Carbon County sentence ended as of September 13, 2006.

(Doc. 21, p. 3). This admission of the Petitioner is completely consistent with the September 7, 2006 CCP's Memorandum.

In light of the above, we find that Petitioner's Habeas Petition should be dismissed as moot, since he no longer satisfies the in custody requirement of § 2254.

We also note, that even if the Petitioner's Habeas Petition was not moot, we would recommend that the Petition be denied because the Petitioner's claims are procedurally defaulted. Section 104(1) of the AEDPA mandates that applications by persons in state custody "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the Court of the State," or there is no available state remedy, or that process would be ineffective. A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement. *Gonce v. Redman*, 780 F.2d 333, 335-36 (3d Cir. 1985). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); *see also Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir. 1986).

Exhaustion is not complete unless the trial court, the "intermediate court," and the highest state court, here the Superior and Supreme Courts of Pennsylvania, have been presented with the substance of the petitioner's federal claim. *Evans v. Court of Common Pleas, Del. County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). *See Duncan v. Henry*, 115 S.Ct. 887, 888 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

The Petitioner did not file a timely direct appeal of his October 2005 sentence. (Doc. 8, p. 2 & Doc. 20, Ex. 4, pp. 2-3). The Petitioner filed his appeal of his October 2005 judgment of sentence to the Superior Court ninety (90) days after he was sentenced, contesting the CCP's denial of his Motion to Dismiss based on an alleged violation of the Speedy Trial Act. (Doc. 20, Ex. 4, p. 1). This appeal was quashed by the Superior Court as untimely. (Doc. 8, p. 2). *See* Pa. R.A.P. 903(a). As a result of failing to file a direct appeal, and failing to file a timely appeal of the CCP's denial of his Motion to Dismiss, the Petitioner did not exhaust his claims in state court, and he is procedurally defaulted from doing so now.[2] The Petitioner is time-barred from appealing any ruling of the trial court with respect to his October 2005 judgment of sentence to the Pennsylvania Superior Court, because his thirty (30) days to do so has lapsed. (Doc. 8, p. 2) *See* Pa.R.A.P. 903(a). The Court in *Doctor v. Walters*, held that:

> Though in general a § 2254 petition which includes any unexhausted claims must be dismissed for failure to exhaust all state remedies, *Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379, this requirement does not apply when the unexhausted claims are procedurally barred. In such a case, although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims. *Toulson,* 987 F.2d at 987 (citations omitted); *Clark v. Commonwealth,* 892 F.2d 1142, 1147 n. 6 (3d Cir.1989). In

---

[2]Further, we note that the Petitioner waived his right to appeal his sentence based on the Speedy Trial Act when he plead *nolo contendere* on October 4, 2005. The CCP recognized this in its September 7, 2006 Memorandum Opinion when it stated:
> We are unaware of any circumstances, and Defendant has asserted none, which would excuse Defendant's failure to file a timely notice of appeal within thirty days after the entry of his judgment of sentence where, as here, no written post-sentence motion was filed. *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa.Super. 2004), appeal denied, 882 A.2d 477 (Pa. 2005). Moreover, by entering a plea, the Defendant waived the right to raise the issues he now seeks to have reviewed on appeal. *Commonwealth v. Alexander*, 811 A.2d 1064, 1065 (Pa.Super. 2002), appeal denied, 822 A.2d 703 (Pa. 2003).

(Doc. 20, Ex. 4, p. 2).

12

>such instances compliance is excused because any further attempts to assert the claims would be futile.

*Doctor v. Walters,* 96 F.3d 675, 681 (C.A.3 (Pa.),1996).  Thus, exhaustion in this case is excused, as state law forecloses review of any decision entered regarding the Petitioner's judgment of sentence. (*Id*.).  Therefore, the Petitioner's claims are procedurally defaulted, since state remedies are  clearly foreclosed.  *English v. Vaugh*, 2005 WL 1677967, at *3 (E.D. Pa. July 15, 2005).

Moreover, the Petitioner does not demonstrate cause and prejudice with respect to his procedurally defaulted claim, nor does he clam actual innocence.  A federal court cannot review the Petitioner's procedurally defaulted claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Mccabe v. Pennsylvania*, 419 F.Supp.2d 692, 696 (E.D. Pa. 2006).

As mentioned, the Petitioner's Habeas claim is procedurally defaulted because it was not exhausted in the state courts.  The Petitioner failed to file a timely direct appeal of his judgment of sentence and therefore did not comply with the exhaustion and procedural requirements of the AEDPA.  The Petitioner does not satisfy the cause and prejudice requirement with respect to his procedurally defaulted claim because he does not show any "objective factor external to the defense that prevented compliance with the state's procedural requirements."  *McCabe*, 419 F.Supp.2d at 697.

## V. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition be **DISMISSED** as moot since Petitioner is no longer in custody on his challenged October 2005 judgment of sentence. **(Doc. 1).**

 **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 15, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEWEY B. POWELL, | : | CIVIL ACTION NO. **1:CV-06-1868** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PAUL SCHULTZ, WARDEN, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 15, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                **s/ Thomas M. Blewitt**
                                                                **THOMAS M. BLEWITT**
                                                                **United States Magistrate Judge**

**Dated: August 15, 2007**