```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEWEY B. POWELL,               :
        Petitioner
                               :
        vs.                    :   CIVIL NO. 1:CV-06-1868
                               :
PAUL SCHULTZ, Warden, et al.,
        Respondents            :
```

*M E M O R A N D U M*

       The pro se petitioner, Dewey B. Powell, was convicted in the Court of Common Pleas of Carbon County, Pennsylvania, of simple assault. He filed this petition under 28 U.S.C. § 2254, asserting that his right to a speedy trial under the Sixth Amendment and state law had been violated. We are considering the report and recommendation of the magistrate judge recommending that the petition be dismissed as moot because Powell is no longer in custody under the conviction.[1] Petitioner has filed objections to the report.

       We conclude we lack jurisdiction over the petition because it was filed after Petitioner's sentence expired. We will therefore dismiss it on that basis.

       In the state-court criminal proceedings, Petitioner moved to dismiss the case against him on October 4, 2005, relying

---

[1] Petitioner is currently serving a sentence of 180 months of imprisonment imposed by this court for being a felon in possession of a firearm. United States v. Powell, No. 3:03-CR-276 (M.D. Pa.)(Nealon, J.).

on speedy-trial rights conferred by Pa. R. Crim. P. 600. The motion was denied the same day, and Petitioner immediately pled nolo contendere to a charge of simple assault. The court sentenced him that day as well--to a term of imprisonment "of not less than one-year-less-one-day nor more than two-years-less-one-day." (Doc. 20-2, Ex. 1, sentencing order.) As part of the sentence, the court also gave Petitioner credit for 385 days already served and placed him on immediate parole. (*Id.*).

Both parties agree this sentence expired on September 13, 2006. (Doc. 20, Response at p. 4; doc. 21, Pet'r's response to the response at p. 3).[2] Additionally, the sentencing court believed that Petitioner's sentence would be fully served less than ten days after September 7, 2006. (Doc. 20-2, Ex. 4 at p. 2). The instant petition was filed on September 22, 2006. Hence, we lack jurisdiction to consider it. *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003)("While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed.")(citing *Maleng v. Cook,* 490 U.S. 488, 490-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)).

In any event, even if we had jurisdiction, as the magistrate judge notes, Petitioner has committed a procedural

---

[2] Our own calculation is August 13, 2006, but this discrepancy is immaterial.

default and cannot show that a miscarriage of justice would result if we did not consider his petition. Additionally, the Sixth Amendment claim has no merit. Petitioner's plea of nolo contendere waived the claim that his federal right to a speedy trial was violated. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (nonprecedential); *cf. Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007)(a guilty plea waives a Sixth Amendment speedy-trial claim).[3]

  We will dismiss the petition for lack of jurisdiction. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order dismissing his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

  We will enter an appropriate order.

          /s/William W. Caldwell
          William W. Caldwell
          United States District Judge

Date: October 23, 2007

---

[3] Petitioner's state-law claim to a speedy trial under Pa. R. Crim. P. 600 is not cognizable in federal habeas corpus. *See Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997).

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEWEY B. POWELL,               :
    Petitioner
                               :

    vs.                        :   CIVIL NO. 1:CV-06-1868

                               :
PAUL SCHULTZ, Warden, et al.,
    Respondents                :

*O R D E R*

AND NOW, this 23rd day of October, 2007, upon consideration of the report (doc. 22) of the magistrate judge, dated August 15, 2007, and the objections to the report (doc. 23), it is ordered that:

    1. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                      /s/William W. Caldwell
                      William W. Caldwell
                      United States District Judge